# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| | : | |
| CAROL T. HERRING, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 06-5525 |
| | : | |
| CHICHESTER SCHOOL DISTRICT et al., | : | |
| Defendants. | : | |
| | : | |

## Memorandum and Order

YOHN, J.                                                                November ____, 2007

Plaintiff Carol T. Herring filed this action against defendants (1) Chichester School District ("the District"); (2) Michael Golde, the superintendent of the District; (3) Gloria Senatore, director of pupil services of the District; (4) Upper Chichester Township ("Township"); (5) Kenneth Allen, a police officer employed by the Township; (6) John Doe, a police officer employed by the Township; (7) Sharon Montanye, an attorney who represents the District; and (8) Sweet, Stevens, Katz & Williams LLP ("Sweet Stevens LLP"), the law firm where Montanye is employed. Plaintiff brings the following claims: (1) a retaliation claim under section 504 of the Rehabilitation Act of 1973 ("§ 504"), 29 U.S.C. § 794; (2) a retaliation claim under 42 U.S.C. § 1983 for violation of her First Amendment free speech rights; (3) a claim pursuant to 42 U.S.C. § 1985(3) for conspiring to violate plaintiff's equal protection rights; and (4) a 42 U.S.C. § 1981 claim for violating her right to contract on account of her race. Plaintiff additionally seeks a declaratory judgment regarding attorney fee provisions of the Individuals with Disabilities Education Act ("IDEA").

1

Presently before this court are the defendants' motions to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.[1]  This court held oral argument on October 29, 2007 to clarify the factual allegations in plaintiff's complaint and the bases for her claims.  For the reasons discussed herein, the court will grant the defendants' motions to dismiss.  Plaintiff will be granted leave to file an amended complaint in Count One against the District, subject to the limitations set forth below, and in Count Two against the District, Golde, and Senatore only.  The remaining claims will be dismissed with prejudice.  The Township, Officer Allen, Officer John Doe, Montanye, and Sweet Stevens LLP will be dismissed as parties to the lawsuit.

## I.        Factual and Procedural Background

Plaintiff's complaint makes the following allegations, which this court must accept as true for purposes of the motion to dismiss.  Plaintiff is an attorney who has been retained by one or more parents of students with disabilities who attend school in the District.  (Compl. ¶¶ 2, 12, 31.)  The District has intentionally failed to followed the Individualized Education Programs established for some of its disabled students.  (*Id.* ¶ 14.)  Beginning as early as May 2004 and continuing to the present, plaintiff has made complaints and reports to the District and the Commonwealth's education department regarding the District's treatment of students with disabilities and the District's deficiencies in educating these students.  (*See id.* ¶ 15.)  These

---

[1] The Township and Officer Allen did not file a separate memorandum of law in support of their motion to dismiss.  Rather, they adopted all of the arguments and averments made in the brief filed by the District, Gold, and Senatore on April 30, 2007 and the brief filed by Montanye and Sweet Stevens LLP on May 1, 2007.  The District, Gold, and Senatore filed an amended brief in support of their motion to dismiss on May 1, 2007.  The court presumes the Township and Officer Allen intended to rely on the amended brief rather than the original brief.

2

reports have included, inter alia, complaints that students with disabilities have been subjected to discrimination and not provided a free and appropriate education that was equal to services provided to nondisabled students.  (*Id.*)

The District, Township, Gold, Senatore, Officer Allen, Office John Doe, and Sweet Stevens LLP conspired to restrain plaintiff's protected speech, which consisted of the complaints and reports.  (*Id.* ¶ 24.)  The District, Golde, and Senatore carried out this conspiracy by sending plaintiff, an African American, written notice in May 2004 that she would be considered a trespasser on school property if she entered school property.  (*Id.* ¶¶ 24, 31.)  This notice has not been revoked.  (*Id.*)  The District also retaliated against plaintiff by "wrongfully accusing her of criminal defiant trespass" when she entered school property on January 7, 2005.[2]  (*Id.* ¶ 16.) Plaintiff was cited for criminal trespass and prosecuted for these citations, but she was later acquitted.  (*Id.* ¶¶ 35-36.)

## II.    Discussion

### A.    Standard of Review

Generally, when deciding whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the court is testing the sufficiency of a complaint.  *Johnsrud v. Carter*, 620 F.2d 29, 33 (3d Cir. 1980) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  The court must accept as true all well-pleaded allegations of fact in the plaintiff's complaint, and any reasonable

---

[2] The complaint is unclear as to the dates for which plaintiff was cited for trespass, and at oral argument, plaintiff clarified that on January 7, 2005 she was cited for criminal trespass for her appearance at the January 2005 hearing and for her appearance at a meeting held on December 20, 2004.  Plaintiff also clarified that she was allowed to remain at the due process hearing on January 7, 2005, and that the hearing was postponed at her request.  The hearing was later held at a different location, and her client prevailed at the subsequent hearing.

inferences that may be drawn therefrom, to determine whether "under any reasonable reading of the pleadings, the plaintiff[] may be entitled to relief." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotations and citation omitted). "The complaint will be deemed to have alleged sufficient facts if it adequately put the defendants on notice of the essential elements of the plaintiff['s] cause of action." *Nami*, 82 F.3d at 65. Courts will grant a motion to dismiss "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley*, 355 U.S. at 45-46).

**B.      § 504 Retaliation Claim (Count One)**

In Count One, plaintiff claims the District retaliated against her in violation of § 504 of the Rehabilitation Act.[3]  Plaintiff alleges the District retaliated against her for her reporting that the District intentionally chose not follow the Individualized Education Programs of students with disabilities and for her complaining of and reporting incidents and situations of discrimination against students with disabilities.  (Compl. ¶¶ 14-16.)  The District accused her of

---

[3] Section 504 of the Rehabilitation Act provides:  "No otherwise qualified individual with a disability in the United States, . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ."  29 U.S.C. § 794(a).  The anti-retaliation provision under which plaintiff brings her claim provides:  "No recipient or other person shall intimidate, threaten, coerce, or discriminate against any individual for the purposes of interfering with any right or privilege secured by [the Act], or because he has made a complaint, testified, assisted, or participated in any manner in an investigation, proceeding or hearing . . . ."  34 C.F.R. § 100.7(e).

criminal defiant trespass when she appeared as an attorney on behalf of a disabled student.[4]  (*Id.*)

The District argues plaintiff's § 504 claim is barred because she has failed to exhaust her administrative remedies.  The District relies on *Wilson v. MVM, Inc.*, 475 F.3d 166 (3d Cir. 2007), to support its argument that plaintiff must first exhaust her administrative remedies.  The *Wilson* plaintiffs were former federal employees who filed a claim under § 501 of the Rehabilitation Act against their former federal employer.  475 F.3d at 170-71.  In its discussion of the exhaustion requirements, the Third Circuit stated:  "It is clear from the statute and the law of this Court that a plaintiff must exhaust administrative remedies before brining a claim under the [Rehabilitation Act]."  *Id.* at 174.

Plaintiff counters that her case is governed by the Third Circuit's standard for claims brought under § 504 by nonfederal employees, and she does not have to exhaust her administrative remedies.  Plaintiff primarily relies on *Freed v. Consolidated Rail Corp.*, 201 F.3d 188 (3d Cir. 2000), to support her argument.  In *Freed*, the sole issue before the Third Circuit was whether the plaintiff, a nonfederal employee suing a recipient of federal funding, had to exhaust administrative remedies before bringing a complaint under § 504.  *Freed*, 201 F.3d at 190.  The court noted that for claims brought under § 501 of the Rehabilitation Act and for suits brought by federal employees against federal employers under § 504, administrative remedies must be exhausted before a plaintiff can file a claim in federal court.  *See id.* at 191-92.  In concluding that the plaintiff did not have to first exhaust her administrative remedies because she

---

[4] At oral argument, plaintiff's counsel conceded that the only basis for plaintiff's § 504 retaliation claim is the January 7, 2005 issuance of the citations for criminal trespass for her presence on school property on that date and for her presence at a meeting on school property on December 20, 2004.

was suing a recipient of federal funding rather than a federal entity, the *Freed* court reaffirmed its "long-standing position that section 504 plaintiffs may proceed directly to court without pursuing administrative remedies." *Id.* at 192, 194.

The differences between *Wilson* and *Freed* clarify the seemingly inconsistent statements in the cases. In *Freed*, the plaintiff brought an action against her private employer under § 504, and Title VI provides remedies for violations of § 504. *Freed*, 201 F.3d at 189, 191; *see also* 29 U.S.C. § 794a(a)(2). Unlike the plaintiff in *Freed*, the remedies for the *Wilson* plaintiffs' § 501 claim are found in Title VII. *Wilson*, 475 F.3d at 173; *see also* 29 U.S.C. § 749a(a)(1).

Because of the similarities in the claim pursued and the remedies available, the precedent in *Freed* is binding in this case. Plaintiff in the instant case is not a federal employee suing a federal employer, and she is not bringing suit under § 501 of the Rehabilitation Act. Instead, plaintiff is suing a recipient of federal funding for retaliation pursuant to § 504, and the remedies of Title VI are available to plaintiffs who bring suits under § 504. *See* 29 U.S.C. § 794a(a)(2). Therefore, under the reasoning and holding in *Freed*, plaintiff here does not have to exhaust her administrative remedies before bringing suit in federal court.[5]

---

[5] The District also urges this court to follow *Weber v. Cranston School Committee*, 212 F.3d 41 (1st Cir. 2000), which held that a mother of a disabled child had to exhaust her administrative remedies before filing a § 504 retaliation claim in federal court, and *Brandon v. Chichester School District*, No. 06-4687, 2007 WL 2155722, at *4-5 (E.D. Pa. July 25, 2007), which required a parent and her disabled child to exhaust their administrative remedies prior to bringing suit against the District for violation of § 504. The District does not demonstrate why this court should rely on *Weber* and *Brandon* instead of the more closely analogous cases discussed above. Presumably, the District relies on the statutory requirement that a plaintiff seeking relief under § 504 that is also available under IDEA must first exhaust her administrative remedies. *See* 20 U.S.C. § 1415(*l*). Unlike the *Brandon* and *Weber* plaintiffs, however, plaintiff in the case at bar is not seeking remedies that would be available under IDEA. She is not a disabled student or the parent of a disabled student, and she does not have standing to pursue the relevant claims under IDEA that the *Brandon* and *Weber* plaintiffs sought. Therefore, *Brandon*

Regarding the merits of Count One, the District argues it must be dismissed because plaintiff has not pled all of the elements of a § 504 retaliation claim.  The elements of a retaliation claim under the Rehabilitation Act are the same as the elements of a retaliation claim under 42 U.S.C. § 1983 that is predicated on a First Amendment violation.  *Lauren W. ex rel. Jean W. v. Deflaminis*, 480 F.3d 259, 267 (3d Cir. 2007).  "[P]laintiffs must show (1) that they engaged in a protected activity, (2) that defendants' retaliatory action was sufficient to deter a person of ordinary firmness from exercising his or her rights, and (3) that there was a causal connection between the protected activity and the retaliatory action."  *Id.*  (citations omitted).

The District contends plaintiff does not meet the requirements of a § 504 claim because plaintiff did not allege that she was engaged in protected activity.  Plaintiff states she "complained of and reported incidents and situations in which students with disabilities were subjected to discrimination; [and] not provided free and appropriate education that was equal or equivalent to services provided to non-disabled students."  (Compl. ¶ 16.)  She does not, however, aver any facts to demonstrate when and how she exercised her free speech rights.  Therefore, she has not sufficiently alleged facts that allow an inference or conclusion she was engaged in protected activity, and she has not met the first required element of a § 504 claim.

Additionally, the District argues, plaintiff's complaint fails to allege a § 504 claim because it does not allege a sufficient causal connection between plaintiff's activity and the District's actions.  The District correctly points out that "[a] court must be diligent in enforcing these causation requirements."  *Deflaminis*, 480 F.3d at 267.  Causation can be shown by "(1) an unusually suggestive temporal proximity between the protected activity and the allegedly

---

and *Weber* are not applicable to the case at bar.

retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link."
*Id.*  Plaintiff's complaint is devoid of facts regarding causation as defined by the Third Circuit.

The District's motion to dismiss Count One will be granted because plaintiff's complaint does not contain sufficient factual allegations to sustain her claim.  Count One will be dismissed without prejudice, and plaintiff will be granted leave to file an amended complaint on the § 504 claim.  Pursuant to plaintiff's concessions at oral argument, the permissible bases for the amended complaint are the citations issued to plaintiff for her presence on school property on January 7, 2005 and on December 20, 2004.  To sustain a § 504 retaliation claim, plaintiff must allege facts that demonstrate when and how she exercised her free speech rights in advocating for the disabled.  She will also need to allege sufficient facts, and not rely on mere conclusions, to show a causal link between the protected activity and the District's allegedly retaliatory actions.

### C.    42 U.S.C. § 1983 Claim (Count Two)

In Count Two, plaintiff brings a First Amendment retaliation claim under 42 U.S.C. § 1983 against all defendants.  For the reasons discussed below, defendants' motions to dismiss Count Two will be granted.  Plaintiff will be granted leave to amend the complaint as to this claim against the District, Golde, and Senatore only.[6]  Count Two will be dismissed as to the remaining defendants with prejudice.

As a preliminary matter, a § 1983 claim can only be brought against those who acted

---

[6] Plaintiff seeks punitive damages under Count Two.  Punitive damages are not permitted against municipal entities, however.  *See, e.g.*, *City of Newport v. Fact Concerts*, 453 U.S. 247, 271 (1981) (holding that punitive damages are not appropriate against municipalities in § 1983 action); *Vt. Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 785 (2000) (noting "presumption against imposition of punitive damages on governmental entities").  Accordingly, plaintiff will not be able to seek punitive damages from the District in her amended complaint.

under color of state law while violating plaintiff's federal rights.  *See West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted); *Abbott v. Latshaw*, 164 F.3d 141, 146 (3d Cir.1998).  A municipal entity is a state actor for purposes of liability under § 1983.  *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978).  School districts can be held liable under § 1983 in the same manner as municipalities.  *See, e.g.*, *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 711 (1989).

Defendants Montanye and Sweet Stevens LLP argue they are private individuals, not state actors, and therefore they cannot be liable under a § 1983 claim.  Private individuals act under the color of state law when they conspire with government officials to deprive citizens of their civil rights.  *See, e.g.*, *Dennis v. Sparks*, 449 U.S. 24, 28 (1980); *Adickes v. Kress & Co.*, 398 U.S. 144, 152 (1970).  In the Third Circuit, however, the intracorporate conspiracy doctrine bans claims against attorneys based on conspiracies allegedly formed in the attorney-client context. *See Heffernan v. Hunter*, 189 F.3d 405, 413 (3d Cir. 1999).  When an attorney's alleged conspiratorial conduct occurs within the scope of representation, the conduct cannot be characterized as an actionable conspiracy.  *See Gen. Refractories Co. v. Fireman's Fund Ins. Co.*, 337 F.3d 297, 313-14 (3d Cir. 2003) (applying intracorporate conspiracy doctrine to affirm dismissal of civil conspiracy claim against attorney acting in scope of representation); *Heffernan*, 189 F.3d at 413-14 (applying intracorporate conspiracy doctrine to affirm dismissal of § 1985(1) and (2) claims against attorney who acted in scope of representation); *Lewis v. Montgomery County*, No. 01-3193, 2002 WL 32349408, at *1 (E.D. Pa. Apr. 8, 2002) (dismissing § 1983 suit against lawyer and his employer, a law firm, because they were not state actors and because they cannot form a conspiracy when acting in the attorney-client context).

Plaintiff alleges Montanye and Sweet Stevens LLP acted in conspiracy with the other

defendants to deprive her of her civil rights.  (*See* Compl. ¶¶ 24, 32, 34.)  Plaintiff's allegations

regarding Montanye and Sweet Stevens LLP, however, only allege conduct within the scope of

attorney-client representation; she does not allege any of the conspiratorial actions by Montanye

or Sweet Stevens LLP took place outside the scope of representation.  Because plaintiff did not

allege any conduct by Montanye or Sweet Stevens LLP outside of advising their clients, the

intracorporate conspiracy doctrine applies, and plaintiff cannot show Montanye and Sweet

Stevens LLP were part of a conspiracy.  Therefore, they did not act under the color of state law,

and the § 1983 claim will be dismissed as to Montanye and Sweet Stevens LLP with prejudice.[7]

### 1.    Elements of a First Amendment Retaliation Claim

Plaintiff's complaint does not sufficiently allege the elements of a First Amendment

retaliation claim.  "[T]o plead a retaliation claim under the First Amendment, a plaintiff must

allege:  (1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of

ordinary firmness from exercising his constitutional rights, and (3) a causal link between the

constitutionally protected conduct and the retaliatory action."  *Thomas v. Independence Twp.*,

463 F.3d 285, 296 (3d Cir. 2006).

The first and third elements are not sufficiently alleged in plaintiff's complaint.  The

District argues plaintiff cannot meet the elements of the claim because her activity was not

constitutionally protected.  As previously discussed, plaintiff's complaint alleges she

---

[7] Plaintiff conceded at oral argument that Montanye and Sweet Stevens LLP cannot be found liable for conspiring with their clients and acting within the scope of the attorney-client representation.  Plaintiff then attempted to allege the lawyers conspired with the Township and its police officers.  Plaintiff did not, however, give any specifics regarding this conspiracy and could not make any allegations as to what the lawyers did in reference to the conspiracy with the Township and its police officers.  Thus, the dismissal of Count Two as to Montanye and Sweet Stevens will be with prejudice.

"complained of and reported incidents and situations in which students with disabilities were
subject to discrimination." (Compl. ¶ 15.) These statements do not contain facts regarding when
and how plaintiff exercised her right to free speech in advocating for the disabled, and this
absence of factual allegations precludes a conclusion that plaintiff was engaged in
constitutionally protected conduct.[8] Plaintiff has also failed to meet the third element of her
claim because, as noted in the discussion of plaintiff's § 504 claim, plaintiff's complaint does not
sufficiently allege a causal link between her activity and the District's actions. Plaintiff will be
allowed to amend the complaint to allege the necessary facts.

Regarding the second element, plaintiff further alleges the defendants' actions included
informing her in writing she would be considered a trespasser if she entered school property and
accusing her of criminal defiant trespass when she appeared at a public due process hearing on
behalf of a client.[9] (Compl. ¶¶ 16, 24.) The District argues these actions would not deter a

---

[8] The District seems to contend that regardless of what plaintiff alleges, her conduct
consisted of advocating for one child at a time and therefore is not protected activity under
*Montanye v. Wissachickon School District*, No. 02-8537, 2003 WL 22096122 (E.D. Pa. Aug. 11,
2003). In *Montanye*, the plaintiff assisted an at-risk student who had emotional and
psychological problems by sharing a suicide note written by the student with school officials and,
with the mother's permission, attending therapy with the student. *Id.* at *1. The court
determined that these actions did not contain "sufficient communicative elements to fall within
the protection of the First Amendment." *Id.* at *8. Further, the court noted "[t]here was no intent
to convey a particularized message supporting special education in the public schools." *Id.*
*Montanye* does not appear to be applicable here because plaintiff is alleging she made
"complaints and reports," which, if appropriately alleged in the amended complaint, may contain
the required communicative elements. Moreover, *Montanye* does not stand for the proposition
that a plaintiff must be advocating for more than one child at a time in order for her activity to be
constitutionally protected. Rather, it requires that a plaintiff be engaged in actions that contain
communicative elements in order for the activity to be protected by the First Amendment.

[9] During oral argument there was some discussion between the parties as to whether
plaintiff was present at the hearing on January 5, 2007 in the capacity of the mother and child's
attorney or as "support" at the parent's invitation. Clarification in the amended complaint

person of ordinary firmness from exercising her constitutional rights and cites *Colson v. Grohman*, 174 F.3d 498 (5th Cir. 1999), in support of its argument.

In *Colson*, the plaintiff, an elected official, alleged that the defendants retaliated against her because they disagreed with her political views and votes.  *Id.* at 500.  The plaintiff argued that the defendants' actions of falsely accusing her of criminal acts, urging prosecutors to investigate her, and initiating a recall election against her constituted retaliatory conduct, but the Fifth Circuit held that this conduct was not actionable under the First Amendment.  *Id.*  When reaching its decision, the Fifth Circuit noted the plaintiff had not actually been arrested, indicted, or subjected to a recall election and highlighted the fact that she had never been formally reprimanded.  *Id.* at 511-12.  Notably, plaintiff in the instant case differs because she was actually cited and prosecuted for criminal defiant trespass, although she was ultimately acquitted of the charges.  (*See* Compl. ¶ 36.)

In addition to the notable factual differences, *Colson* is not applicable to the case at bar because Third Circuit precedent demonstrates that the threshold for showing First Amendment retaliation is lower in the Third Circuit than in the Fifth Circuit.  Although the Third Circuit does not have a specific test to determine whether retaliatory action would sufficiently chill a person of ordinary firmness from exercising her constitutional rights, it has stated:

> First Amendment retaliation claims are always individually actionable, even when relatively minor.  Even an act of retaliation as trivial as failing to hold a birthday party for a public employee, if intended to punish her for exercising her free speech rights, may be actionable if under the circumstances it would be sufficient to deter a person of ordinary firmness from exercising his or her First Amendment rights.  A First Amendment retaliation claim will lie for any

regarding whether plaintiff was present as an attorney representing the mother and child or as a support system for the mother and child will eliminate further debate on this issue.

> individual act which meets this deterrence threshold, and that threshold is very
> low: . . . a cause of action is supplied by all but truly de minimis violations.

*O'Connor v. City of Newark*, 440 F.3d 125, 127-28 (3d Cir. 2006) (internal quotations and

citations omitted).  Thus, the District's argument that their actions did not constitute retaliatory

activity based on the precedent set in *Colson* is unavailing.

  In conclusion, plaintiff has not sufficiently alleged the elements of a First Amendment

retaliation claim because she has not provided facts to demonstrate her activities constituted

protected activity or that there was a causal link between her activities and the District's conduct.

In the amended complaint, plaintiff will need to clarify the facts in order to sufficiently allege all

of the elements of her First Amendment retaliation claim.

##    2.  Individual Defendants

  "A defendant in a civil rights action must have personal involvement in the alleged

wrongs . . . . Personal involvement can be shown through allegations of personal direction or of

actual knowledge and acquiescence."  *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

The District argues the § 1983 claim against Golde and Senatore should be dismissed because

plaintiff did not allege Golde and Senatore were individually involved.  In the complaint,

plaintiff alleges Golde and Senatore acted individually by sending her written notice she would

be a trespasser on school property.[10]  (Compl. ¶ 24.)  Thus, Count Two sufficiently alleges

individual involvement by Golde and Senatore.

  Count Two does not, however, contain any allegations regarding the individual actions of

---

  [10] At oral argument, plaintiff reiterated that Golde and Senatore's individual actions
included (1) sending her a letter in May 2004, and (2) calling the police to issue her citations on
January 7, 2005. Plaintiff's amended complaint should include all the individual actions
allegedly taken by Golde and Senatore in violation of her federal rights.

Officer Allen or Office John Doe.[11]  Count Two will therefore be dismissed as to the police officers with prejudice.

### 3.       Municipal Liability by the District and the Township

The municipal entities can only be held liable for plaintiff's alleged constitutional deprivations if there is a causal link between a policy or custom and plaintiff's alleged deprivations.  *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 214 (3d Cir. 2001) (quoting *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)).  Generally, a policy or custom can be demonstrated by a formal policy statement, decision, or regulation; persistent practices that give the custom the force of law; or actions by officials who have final policymaking authority.  *Id.* at 215 (citations omitted).  The official policy or custom may also be shown by a failure to train.  *Id.*  (citation omitted).

Thus, in order for the District or Township to be liable under § 1983, plaintiff must allege that the actions of the District or Township or their employees that deprived her of her federally protected free speech rights resulted from policy or custom or were done by employees who had final policymaking authority.  Plaintiff generally alleges the District "had a policy of restraining or retaliating against advocates or whistle-blowers regarding the education program." (Compl. ¶ 25.)  She also alleges the District's action included notifying plaintiff she would be considered a trespasser if she entered school property and "wrongfully accusing her of criminal defiant trespass." (*Id.* ¶¶ 16, 24.)  Alternatively, plaintiff avers Golde, a policymaker, approved of and enforced the District's retaliatory actions.  (*Id.* ¶ 25.)  Plaintiff's conclusions do not sufficiently

_____

[11] Plaintiff conceded this point at oral argument.  Although she argued the officers' involvements in the conspiracy constituted sufficient individual actions, she was not able to provide any factual allegations to show they were actually involved in a conspiracy.

alleges facts to show a policy or custom by the District.  In her amended complaint, plaintiff will need to include factual allegations, in addition to her conclusions, to show how the District can be held liable.[12]

Plaintiff makes no similar allegations regarding a policy or custom against the Township or any of its policymaking employees.  Additionally, plaintiff has not sufficiently alleged any specific actions by Officer Allen or Officer John Doe individually, so Township employees could not have deprived plaintiff of her federally protected right to freedom of speech.  Therefore, the Township cannot be held liable under a § 1983 claim, and Count Two will be dismissed with prejudice as to the Township.

### 4.    Qualified Immunity

Golde and Senatore argue the § 1983 claim should be dismissed against them because they are entitled to qualified immunity.  Government officials performing discretionary functions are entitled to qualified immunity for their actions if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  This determination requires a two-part analysis:  First, the court must determine if, taken in the light most favorable to the party asserting the injury, the facts alleged show that the defendant violated a constitutional right.  *Saucier v. Katz*, 533 U.S. 121, 201 (2001).  Second, if the initial prong is satisfied, the court must determine whether that right was clearly established at the time of the alleged violation.  *Id.* at 201-02.

The facts presented to the court do not allow for a sufficient determination of qualified

---

[12] Action by Golde would, of course, be sufficient as he would be an official having final policymaking authority.

immunity at this point in the proceedings.  Golde and Senatore may reassert the defense of

qualified immunity if plaintiff files an amended complaint, and the issue will be revisited at that

time.

### D.    42 U.S.C. § 1985(3) Claim (Count Three)

In Count Three, plaintiff brings a claim pursuant to 42 U.S.C. § 1985(3), alleging

defendants conspired to deprive her of "the equal protection of laws, or of equal privileges and

immunities under federal and state laws which permitted her to advocate as a lawyer for the rights

of students and their parents for an appropriate public education."  (Compl. ¶ 33.)  Plaintiff claims

the defendants targeted her for this conspiracy "on account of her race and the race of her clients."

(*Id.* ¶ 32.)

As an initial matter, the District argues plaintiff's § 1985(3) claim fails because § 1985(3)

claims are held to a heightened pleading standard and plaintiff did not meet this burden.  Recently,

however, the Supreme Court has articulated that the heightened pleading standard is not required

for these types of claims.  *See, e.g.*, *Leatherman v. Tarrant County Narcotics Intelligence and

Coordination Unit*, 507 US 163 (1993).  Also, the Third Circuit has stated:  "the notice pleading

standard of Rule 8(a) applies in all civil actions, unless otherwise specified in the Federal Rules or

statutory law."  *Thomas*, 463 F.3d at 295.  Although the Third Circuit's holding in *Thomas* dealt

specifically with the pleading standard for § 1983 actions, the language used is broader and

applies to all civil rights actions.  No Federal Rule or statute provides a heightened pleading

standard for § 1985(3) claims, so the District's argument regarding heightened pleading is

incorrect.  Nonetheless, even without applying a heightened pleading standard, plaintiff has not

sufficiently alleged a § 1985(3) claim.

To state a claim under § 1985(3), plaintiff must allege:

(1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States.

*Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997).  Regarding the second element, "a plaintiff must allege both that the conspiracy was motivated by discriminatory animus against an identifiable class and that the discrimination against the identifiable class was invidious." *Farber v. City of Patterson*, 440 F.3d 131, 135 (3d Cir. 2006) (citing *Aulson v. Blanchard*, 83 F.3d 1, 4-5 (1st Cir. 1996)).  The Supreme Court has stated that § 1985(3) is not intended to be a general, federal tort law and is not to apply "to all tortious, conspiratorial interferences with the rights of others." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971).  Therefore, full effect must be given to the requirement of "invidiously discriminatory motivation." *Id.*  Given these pleading requirements, the issue is whether plaintiff has sufficiently alleged defendants discriminated against her because of a discriminatory motive.

In *Robinson v. McCorkle*, 462 F.2d 111 (3d Cir. 1972), *cert denied* 409 U.S. 1042 (1972), the Third Circuit affirmed the dismissal of a § 1985(3) claim because the allegations were unsupported by specific facts and there was not a sufficient showing that the plaintiff was denied the equal protection of the law.  The *Robinson* court stated that other courts have nearly unanimously required more than conclusory allegations of deprivations of constitutional rights and have required a "clear showing of invidiously, purposeful, and intentional discrimination between classes or individuals." *Id.* at 113 (collecting cases).  Similar to the plaintiff in *Robinson*, plaintiff in the case at bar has only made conclusory allegations and has not provided a "clear

17

showing" of invidiously, purposeful, and intentional discrimination.

In a case more factually similar to the case at bar, a pro se plaintiff brought § 1985(3) and § 1981 claims, alleging the defendants wrongfully terminated his services "on the basis of his nationality and/or the color of his skin." *Clarke v. Eisenhower*, 199 Fed. App'x 174, 174 (3d Cir. 2006). The Third Circuit affirmed the dismissal of plaintiff's § 1985(3) claim because he did not allege any facts that allowed the court to infer the "defendants colluded with the requisite racial or otherwise class-based invidiously discriminatory animus." *Id.* at 175; s*ee also, e.g.*, *Parrott v. Abramsen*, 200 Fed. App'x 163, 165 (3d Cir. 2006) (concluding that § 1985(3) claim was properly dismissed because it "must allege that racial, or otherwise class-based invidiously discriminatory animus lay behind the defendants' action"); *Gresh v. Godshall*, 170 Fed. App'x 217, 221 (3d Cir. 2006) (affirming district court's dismissal of plaintiff's claims, including conspiracy claim, because plaintiff "failed to elaborate factually or legally on these claims" and determining the "conclusory allegations" were "simply insufficient to state a claim"); *Limehouse v. Delaware*, 144 Fed. App'x 921, 923 (3d Cir. 2005) (affirming dismissal of § 1985(2) and (3) claims because there was "no evidence sufficient to raise an inference of a race-based motive for the defendants' alleged actions"). Thus, plaintiff's allegation the defendants acted "on account of her race" does not sufficiently allege invidiously discriminatory animus.[13]

A second flaw in plaintiff's § 1985(3) claim is that her conclusory statements the defendants conspired, without further facts to demonstrate a conspiracy, are not sufficient to

---

[13] Plaintiff was given the opportunity at oral argument to provide factual allegations to support her assertions that the trespass citations were issued "on account of her race," but she was not able to provide any facts to support this claim. Thus, permitting an amended complaint would be futile.

allege a conspiracy for purposes of § 1985(3).  The District relies on the requirements set forth in

*Armstrong v. School District of Philadelphia*, 597 F. Supp. 1309 (E.D. Pa. 1984), to show these

conclusions do not suffice.  In *Armstrong*, the court required the plaintiff to "include a description

of the membership, formulation and purpose of the alleged conspiracy" in order to sufficiently

state a conspiracy claim.  *See id.* at 1313.  The District contends that because plaintiff has not

made any of these allegations, her claim must fail.  Given the recent precedent set forth in

*Leatherman* and *Thomas*, these heightened factual allegations are probably not required.

Nonetheless, a  recent, unpublished Third Circuit opinion does provide support for the argument

that plaintiff must provide *some* factual allegations regarding the conspiracy.  In *Parrott*, the

plaintiff's § 1985(3) claim failed not only because the plaintiff did not allege an invidiously

discriminatory motive, but also because a § 1985(3) claim "must set forth facts from which a

conspiratorial agreement between the defendants can be inferred," and the complaint failed to set

forth these facts.  200 Fed. App'x at 165.  Similarly, plaintiff here provides conclusory statements

that the defendants conspired, but she does not allege facts to demonstrate, or to allow an

inference of, a conspiracy.  Nor could she supply any facts at oral argument that would allow her

to meet this deficiency in an amended complaint.  Therefore, her § 1985(3) claim will be

dismissed with prejudice.

### E.    42 U.S.C. § 1981 Claim (Count Four)

Plaintiff also alleges a violation of her equal right to contract pursuant to 42 U.S.C. §

1981.  The same conclusory statements that were at issue in Count Three are also at issue in

determining whether plaintiff has sufficiently alleged a claim under § 1981 in Count Four.  To

state a claim under § 1981, plaintiff must allege:

19

> (1) that [s]he belongs to a racial minority; (2) 'an intent to discriminate on the basis of race by the defendant[s]; and (3) discrimination concerning one or more of the activities enumerated in' § 1981.

See *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 569 (3d Cir. 2002) (quoting *Brown v. Philip Morris Inc.*, 250 F.3d 789, 797 (3d Cir. 2001)). Section 1981 "can be violated only by purposeful discrimination." *Gen. Bldg. Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 390 (1982); *see also Pryor*, 288 F.3d at 562 (stating § 1981 "provide[s] a private cause of action for intentional discrimination only"). The statute is not intended to "include practices that were 'neutral on their face, and even neutral in terms of intent.'" *Gen. Bldg.*, 458 U.S. at 388 (quoting *Griggs v. Duke Power Co.* 401 U.S. 424, 430 (1971)). Thus, the impact of the action must be traced to "a discriminatory purpose." *Id.* at 390.

In *Brown v. Philip Morris, Inc.*, 250 F.3d 789 (3d Cir. 2001), the Third Circuit looked at allegations contained in a 110-page, 211-paragraph complaint and affirmed dismissal of the § 1981 claim because, inter alia, the plaintiffs did not aver the defendants engaged in a discriminatory refusal to deal with African Americans and they did not claim the defendants had dealt with African Americans differently than Caucasians on the basis of race. *Id.* at 797; s*ee also Clarke*, 199 Fed. App'x at 174 (affirming dismissal of § 1981 claim because plaintiff did "not allege facts that would support an inference that defendants intended to discriminate on the basis of race"); *Stehney v. Perry*, 101 F.3d 925, 938 (3d Cir. 1996) (affirming dismissal of equal protection claim because plaintiff alleged the defendants' policy was discriminatory without actually alleging the defendants had an *intent* to discriminate, which was a required element of her claim).

Similarly, in the complaint at bar, plaintiff has not alleged any facts showing intentional

discrimination, let alone discriminatory treatment, on the basis of race.  Thus, given these

requirements and plaintiff's lack of any factual allegation regarding intentional discrimination or

racial discrimination, her § 1981 claim fails.[14]  Count Four will therefore be dismissed with

prejudice.

F.      **Declaratory Relief (Count Five)**

Plaintiff seeks declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §

2201, as to her rights and liabilities under attorney fee provisions of IDEA, 20 U.S.C. §

1415(i)(3)(B).  She also seeks a declaration that provisions of IDEA are unconstitutional.

"[B]ecause the Constitution prohibits federal courts from deciding issues in which there is

no 'case[]' or 'controversy,' U.S. Const. art. III, § 2, declaratory judgments can be issued only

when there is 'an actual controversy' . . . ."  *Step-Saver Data Sys., Inc. v. Wyse Tech.*, 912 F.2d

643, 647 (3d Cir. 1990).  Therefore, a case must be ripe in order for the court to exercise its

discretion to issue a declaratory judgment.  This determination is one of degree and is based on

the facts alleged in each case.  *Id.*  The facts as alleged in plaintiff's complaint do not show any

case or controversy regarding attorney fees under IDEA.[15]  Because there is no case or controversy

regarding the attorney fee provisions of IDEA, defendants' motions to dismiss Count Five will be

---

[14] After some discussion at oral argument, plaintiff averred that Caucasian advocates and advocates on behalf of Caucasian students and parents have not been cited for trespassing on school property like plaintiff was cited.  Plaintiff could not, however, allege any facts to substantiate her new claim.  Moreover, the District has already investigated this issue pursuant to plaintiff's discovery requests, and the only other letter that has been sent notifying the recipient not to trespass on school property was sent to a Caucasian parent.

[15] Notably, at oral argument plaintiff conceded that at the due process hearing at issue (the hearing held after the January 7, 2005 postponement), plaintiff's client prevailed, plaintiff was entitled to ask for attorney's fees, and no attorney's fees were assessed against plaintiff or her client.

granted as to all defendants, and Count Five will be dismissed with prejudice.

## III.  Conclusion

For the reasons set forth above, Count One will be dismissed without prejudice.  Plaintiff does not have to exhaust her administrative remedies as to Count One, and she will be granted leave to file an amended complaint with renewed allegations against the District under Count One.  The amended complaint will be limited to the allegations set forth above.  Count Two will be dismissed without prejudice as to the District, Golde, and Senatore.  Plaintiff will be granted leave to file an amended complaint realleging the claim in Count Two against the District, Golde, and Senatore only.  The amended complaint for Count Two will be limited to the guidelines set forth above.  Count Two will be dismissed with prejudice as to the Township, Officer Allen, Officer John Doe, Montanye, and Sweet Stevens LLP.  Count Three, Count Four, and Count Five will be dismissed as to all defendants with prejudice.  The Township, Officer Allen, Officer John Doe, Montanye, and Sweet Stevens LLP will be dismissed as parties to this action.

An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| CAROL T. HERRING, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 06-5525 |
| | : | |
| CHICHESTER SCHOOL DISTRICT et al., | : | |
| Defendants. | : | |
| | : | |

## Order

AND NOW on this _____ day of November 2007, upon careful consideration of defendants' motions to dismiss (Docket Nos. 14, 16, 17, and 18), plaintiff's responses, and defendants' reply thereto, IT IS HEREBY ORDERED that:

1. The motion to dismiss Count One is GRANTED. Count One is dismissed without prejudice, and plaintiff has leave to file an amended complaint as to Count One, against the Chichester School District, consistent with the guidelines set forth in the accompanying Memorandum. Plaintiff will have 20 days to file an amended complaint.

2. The motion to dismiss Count Two as to the Chichester School District, Michael Golde, and Gloria Senatore is GRANTED. Count Two is dismissed as to these defendants without prejudice, and plaintiff has leave to file an amended complaint as to Count Two against the Chichester School District, Michael Golde, and Gloria Senatore only, consistent with the guidelines set forth in the accompanying Memorandum. Plaintiff will have 20 days to file an amended complaint.

3. The motions to dismiss Count Two as to Upper Chichester Township; Kenneth

Allen; Officer John Doe; Sharon Montanye; and Sweet, Stevens, Katz & Williams LLP are GRANTED.  Count Two is dismissed as to these defendants with prejudice.

4.	The motions to dismiss Count Three, Count Four, and Count Five are GRANTED, and Count Three, Count Four and Count Five are dismissed with prejudice.

5.	Upper Chichester Township; Kenneth Allen; Officer John Doe; Sharon Montanye; and Sweet, Stevens, Katz & Williams LLP are dismissed as parties to this lawsuit.


　　　　　　　　　　s/ William H. Yohn Jr.
　　　　　　　　　William H. Yohn Jr., Judge